**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

ANTHONY BRAICA,

                          Plaintiff,

v.                                                          24 cv 1709 (VDO)

TOM FRANKOWSKI, *in his official & individual capacity*,

                          Defendant.

**FIRST AMENDED COMPLAINT**

In Propia Persona  Plaintiff[1] Anthony Braica hereby alleges for his Complaint the following:

1.  This is an action to remedy Defendant's violation of Plaintiff's civil rights in violation of 42 U.S.C. § 1983 and the First, Fourth, and Eighth Amendments to the U.S. Constitution.

2.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and § 1367.

3.  Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts and omissions giving rise to this Complaint took place in this district.

**PARTIES**

4.  Plaintiff Anthony Braica is an individual residing in New Britain, Connecticut.  During the time period relevant to this Complaint, Plaintiff was serving a sentence of probation.

5.  Defendant Tom Frankowski is employed as a probation officer by the Connecticut Department of Probation, 20 Franklin Square, New Britain, CT 06051.  Defendant

---

[1] This pleading was prepared with the help of an attorney with the Federal Pro Se Legal Assistance Program at the Quinnipiac University School of Law.

Frankowski is sued in his individual capacity.  At all times relevant to this Complaint,
Defendant Frankowski was acting under color of state law.

## FACTS

6.  On  August 2, 2024, Plaintiff arrived at the Connecticut Department of Adult Probation
Office in New Britain, Connecticut for a mandatory, scheduled drug test.

7.  Plaintiff was instructed to provide a urine sample under supervision of Defendant Tom
Frankowski.

8.  Plaintiff entered the bathroom and stood at a toilet to provide a urine sample.  The toilet
was not inside a stall.

9.  Two mirrors are arranged above the toilet to enable a probation officer to supervise a
probationer's urination.  These mirrors allow a probation officer to verify that a
probationer is eliminating urine from his own body, and not from an independent source.

10. Defendant Frankowski told Plaintiff, in sum and substance, that he needed to be sure
Plaintiff was urinating, and this required Defendant to directly observe Plaintiff's penis
(hereinafter "private part") while Plaintiff eliminated.

11. Plaintiff told Defendant Frankowski to use the two mirrors affixed above the toilet for
that purpose.

12. Plaintiff unzipped his pants and began urinating into a cup designed to contain his urine
sample.

13. Defendant Frankowski approached Plaintiff while Plaintiff was in the process of
urinating.

14. Defendant Frankowski ordered Plaintiff to remove whatever Plaintiff had in his pants pocket.

15. Plaintiff had been speaking to his father by cell phone prior to entering the bathroom, and the call was still in progress.

16. Plaintiff informed Defendant Frankowski that he was in the middle of a phone conversation with his father and the phone was in his pocket.

17. Plaintiff stopped urinating and zipped up his pants to allow Defendant Frankowski to search his person.

18. Defendant Frankowski searched Plaintiff by patting down Plaintiff's legs on the outside of Plaintiff's clothing.  Defendant patted down each of Plaintiff's legs and between Plaintiff's legs, starting at Plaintiff's ankles and ending around Plaintiff's stomach.

19. Following the pat down search, Plaintiff and Defendant Frankowski walked toward the bathroom door to exit the bathroom.

20. Defendant Frankowski moved in front of Plaintiff and grabbed Plaintiff's private part, stating, in sum and substance, "Why is it hard?"

21. Plaintiff moved Frankowski's hand away from his private part.

22. Plaintiff yelled out in alarm, "You just violated me by grabbing my private part!"

23. Plaintiff felt overwhelmed with feelings of rage, shame, helplessness, anxiety, and violation caused by Defendant Frankowski's gratuitous physical touch of Plaintiff's private part.

24. Plaintiff demanded to make a complaint to Defendant Frankowski's supervisor immediately.

25. Plaintiff waited in the lobby of the New Britain probation office to speak to Defendant Frankowski's supervisor.

26. After about 30 minutes, Plaintiff realized that Defendant Frankowski had not summoned his supervisor to take Plaintiff's complaint.

27. Plaintiff filed a complaint of sexual assault and harassment with CSSD-Internal Affairs against Defendant Frankowski.

28. Defendant Frankowski retaliated against Plaintiff for filing a complaint with CSSD-Internal Affairs by fabricating a claim that Plaintiff had failed to comply with certain of his probation terms.

29. Defendant Frankowski also retaliated against Plaintiff by falsely accusing Plaintiff of harboring a device to falsify the urinalysis.

30. As a result of Defendant Frankowski's fabricated testimony, Plaintiff court case was referred back to GA 14 on 08/14/2024 due to non compliance while on IPS(Intensive Pretrial Supervision) from Probation Officer Florina which Tom Frankowski is the Supervisor of which was my current probation officer at the time. They requested GA 14 to increase bond & send Plantiff to become incarcerated due to the issue that arised. The Prosecutor on the case requested the Judge to raise my bond due to being non compliant after I reported Tom Frankowski to internal affairs which evidence can be provided on that claim as well.

31. Also as a result of Defendant Frankowski's fabricated testimony, Plaintiff lost custody of his son due to one of the probationers contacting DCF after the situation arised with Tom Frankowski. The child was removed from the home and requested to reside with the mother due to the report that was made from Probation also which I am be able to provide the court with the mother of the child's testimony as a witness to those events.

32. Plaintiff continues to suffer emotional harm from Defendant Frankowski's unlawful behavior including These injuries include, but are not limited to, chronic sleeplessness, severe anxiety, depression, feelings of humiliation and worthlessness, social withdrawal, and symptoms consistent with post-traumatic stress disorder (PTSD). Plaintiff experiences intrusive thoughts, hypervigilance, emotional distress in public and professional settings, and a persistent fear of physical proximity to others. These harms have materially affected Plaintiff's daily functioning, interpersonal relationships, and overall mental health.

## FIRST CAUSE OF ACTION
### Right to Bodily Privacy (Fourth Amendment)

Legal Standards

Plaintiff's right to bodily privacy is protected by the Fourth Amendment against unreasonable searches. A warrantless physical intrusion on a person's intimate areas is per se unreasonable absent exigent circumstances or consent. See White v. Doe, D. Conn. No. 3:19-cv-01704 (Sept. 3,2021) (denying qualified immunity for forced masturbation and recognizing bodily privacy claim under the Fourth Amendment); Jackson v. Taylor, 2021 U.S. Dist. LEXIS 112345 (N.D. Cal.June 9, 2021) (holding that squeezing prisoner's genitals for 15–20 seconds states an unreasonable search). Even in supervised drug tests, officials must use the least intrusive means. See Norris v. Premier Integrity Sols., 641 F.3d 695, 702–05 (6th Cir. 2011) (analyzing direct observation procedures and requiring reasonable suspicion for intrusive measures).

33. Plaintiff repeats and realleges the foregoing paragraphs as if set forth fully herein.

34. On or about 08/02/2024, Defendant Frankowski violated Plaintiff's right to bodily privacy when Defendant grabbed Plaintiff's private part.

35. Plaintiff had an actual, subjective expectation of bodily privacy while and after he eliminated urine.  Plaintiff stated this expectation to Defendant Frankowski by telling Defendant to look into the two mirrors above the toilet for the purpose of observing Plaintiff eliminating.

36. Prior to touching Plaintiff's private part, Defendant had searched Plaintiff for contraband and found nothing.

37. Defendant Frankowski did not have sufficient justification to intrude on Plaintiff's right to bodily privacy by grabbing Plaintiff's private part.

38. The humiliating and offensive manner in which Defendant Frankowski grabbed Plaintiff's private part amounted to an unreasonable search.  See White v. Doe, supra; Jackson v. Taylor, supra.

39. Defendant Frankowski's humiliating and degrading statement about Plaintiff's private part also contributed to the unreasonableness of the search.

40. Defendant's violation of Plaintiff's Fourth Amendment rights caused Plaintiff to suffer damages and emotional harm.

**SECOND CAUSE OF ACTION**
**Cruel and Unusual Punishment (Eighth Amendment)**

Legal Standards

The Eighth Amendment prohibits the use of force that is "repugnant to the conscience of

mankind," including sexual abuse by officials. Jackson v. Taylor, supra (genital squeezing stated Eighth Amendment claim); Chao v. Ballista, 806 F. Supp. 2d 358, 365–67 (D. Mass. 2011) (awarding damages for sexual contact without penological justification); Ullery v. Bradley, 2020 U.S. App. LEXIS 2547 (10th Cir. Feb. 10, 2020) (finding law clearly established that sexual misconduct by a corrections officer violates the Eighth Amendment).

Also see CHIEF JUSTICE BURGER (us supreme court) opinion of the Court. However, since Ex parte Young, 209 U. S. 123 (1908), it has been settled that the Eleventh Amendment provides no shield for a state official confronted by a claim that he had deprived another of a federal right under the color of state law. Ex parte Young teaches that, when a state officer acts under a state law in a manner violative of the Federal Constitution, he"comes into conflict with the superior authority of that Constitution, and he is, in that case, stripped of his official or representative character, and is subjected in his person to the consequences of his individual conduct. The State has no power to impart to him any immunity from responsibility to the supreme authority of the United States."

Id. at 209 U. S. 159-160. (Emphasis supplied.) Scheuer v. Rhodes, 416 U.S. 232 (1974)

41. Plaintiff repeats and realleges the foregoing paragraphs as if set forth fully herein.

42. On or about 08/02/2024, Plaintiff was serving a sentence of probation.

43. Defendant Frankowski acted wantonly and maliciously when he grabbed Plaintiff's private part for the purpose of causing Plaintiff harm.

44. Defendant Frankowski's derogatory statement about Plaintiff's private part evinces Defendant's culpable state of mind.

45. Defendant Frankowski had no justification for grabbing Plaintiff's private part because Defendant had other means of verifying that Plaintiff was eliminating urine from his own body, including the two mirrors above the toilet and Defendant's pat down search of Plaintiff's legs.

46. Defendant Frankowski's malicious use of force in grabbing Plaintiff's private part was more than a de minimus use of force.

47. Plaintiff suffered harm and damages from Defendant's unlawful actions.

### THIRD CAUSE OF ACTION
### Retaliation (First Amendment)

Legal Standards

A government official may not retaliate against an individual for exercising his First Amendment right to petition for redress. Bator v. Hawaii, 39 F.3d 1021, 1026–27 (9th Cir. 1994) (probation officers sued for retaliation and sexual harassment); Smart v. England, No. 21-12345 (11th Cir. Feb. 16, 2024) (denying qualified immunity on retaliation after prisoner reported sexual assault).

48. Plaintiff repeats and realleges the foregoing paragraphs as if set forth fully herein.

49. Plaintiff engaged in protected speech when he filed a complaint about Defendant Frankowski's conduct with CSSD-Internal Affairs.

50. Defendant Frankowski retaliated against Plaintiff for filing the complaint by falsely accusing Plaintiff of violating certain terms of Plaintiff's probation.

51. By fabricating violations of Plaintiff's probation, Defendant Frankowski caused Plaintiff to be subjected to current court cases bond to be raised due to the report received from Probation

52. Defendant Frankowski's wrongful retaliation also caused Plaintiff to lose custody of his child.

53. Defendant Frankowski's retaliatory acts would deter an individual of reasonable firmness in Plaintiff's position from engaging in protected speech.

54. Plaintiff suffered harm and damages from Defendant's unlawful actions.

## FOURTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress

55. Plaintiff repeats and realleges the foregoing paragraphs as if set forth fully herein.

56. Defendant Frankowski, by grabbing Plaintiff's private part and making derogatory comments about Plaintiff's private part, knew or should have known that Plaintiff was likely to suffer emotional distress because of Defendant's conduct.

57. Defendant Frankowski's behavior in grabbing Plaintiff's private part and making derogatory comments about Plaintiff's private part was extreme and outrageous.

58. Defendant Frankowski's conduct caused Plaintiff to suffer severe emotional distress, including has suffered—and continues to suffer persistent anxiety, episodes of depression, insomnia, hypervigilance, heightened fear in public or unfamiliar settings, and ongoing feelings of helplessness and emotional vulnerability. Plaintiff experiences intrusive thoughts and distressing memories of the incident, often accompanied by physical manifestations such as elevated heart rate and panic attacks. These emotional and psychological harms have impaired Plaintiff's ability to engage in daily life activities, maintain stable employment, and sustain interpersonal relationships, and have necessitated medical attention and mental health treatment.

## FIFTH CAUSE OF ACTION
### Negligent Infliction of Emotional Distress

59. Plaintiff repeats and realleges the foregoing paragraphs as if set forth fully herein.

60. Defendant Frankowski, by grabbing Plaintiff's private part and making derogatory comments about Plaintiff's private part, created an unreasonable risk of causing Plaintiff emotional distress.

61. Plaintiff's distress was foreseeable because Defendant Frankowski's conduct violated societal prohibitions against touching another person's intimate body parts without consent or reasonable justification.

62. Plaintiff's emotional distress is sufficiently severe that it may result in illness or bodily harm.

63. Defendant Frankowski's conduct was the cause of Plaintiff's emotional distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks this Court to enter against the Defendant:

a) Declaratory relief;

b) Compensatory damages;

c) An award of Plaintiff's reasonable costs;

d) Punitive damages; and

e) Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial.

Date: 08/6/2025

Anthony Braica

Pro Se Litigant
488 East St.
New Britain, CT 06051
(413) 510-7226

**CERTIFICATE OF SERVICE**

I affirm that I served by U.S. mail a true and correct copy of the foregoing upon Tom

Frankwoski at 20 Franklin Sq New Britain, CT 06051

Date: 08/06/2025

Anthony Braica

Pro Se Litigant
488 East St.
New Britain, CT 06051
(413) 510-7226